IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SAFELITE GROUP, INC., fka Safelite Glass Corporation, a Delaware Corporation, | : : : | Case No. 2:04-cv-962 |
| Plaintiff, | : | Judge Sargus |
| v. | : | Magistrate Judge Abel |
| ZURICH AMERICAN INSURANCE COMPANY, a New York Corporation, | : : : | |
| Defendant. | | |

**REPORT AND RECOMMENDATION**

This matter is before the Magistrate Judge on Defendant Zurich American Insurance Company's May 16, 2005 motion to dismiss for failure to join indispensable parties or in the alternative motion to transfer venue (doc. 17). Safelite Group Inc. ("Safelite") filed this action to recover defense costs from its insurer Zurich American Insurance Company ("Zurich"). This action was filed on October 5, 2004 after one of Safelite's competitors, Diamond Triumph Auto Glass, Inc. ("Diamond") filed a lawsuit against Safelite in the United States District Court for the Middle District of Pennsylvania. Zurich argues that Safelite's failure to join Diamond in this action warrants dismissal under Rules 12(b)(6) and 19(a) for failure to join an indispensable party. If this action is not dismissed, then in the alternative, Zurich argues that this action should be transferred to the Middle

District of Pennsylvania.

**I. Background.**

Diamond, Safelite's largest competitor, filed a lawsuit against Safelite on March 29, 2002 alleging that Safelite violated an agreement with Diamond by engaging in practices to divert Diamond customers to Safelite, and Safelite has pirated jobs from Diamond.[1]  Compl. ¶ 22.  On May 14, 2002 Safelite requested that Zurich pay its defense costs in the Diamond litigation allegedly in accordance with the three general liability insurance policies Zurich issued to Safelite.  In October 2002, Zurich, while reserving rights to challenge whether it actually had an obligation to do so, agreed to participate in Safelite's defense in the *Diamond* litigation with Jones Day as Safelite's counsel.  Zurich has paid some but not all of Safelite's defense costs.

Safelite filed this action on October 5, 2004 alleging that Zurich is obligated to pay Safelite's full defense costs according to the three commercial general liability policies that Zurich issued.  As relief, Safelite is seeking a declaratory judgment that Zurich has an unconditional duty to defend the Diamond litigation.  It pleads a breach of contract claim alleging that Zurich has only partially paid Safelite's defense costs and has unreasonably delayed in making defense costs payments.  Safelite also pleads that Zurich's alleged mishandling of its defense obligations, including making late payments, is a breach of its duty of good faith and fair dealing.  It seeks declarations that Safelite's defense bills in the Diamond litigation are reasonable and that Zurich must pay the full costs of Safelite's defense in the Diamond litigation, with the defense costs subject to a

---

[1] The Diamond litigation is captioned as *Diamond Triumph Auto Glass, Inc. v. Safelite Glass Corporation,* No. 3:02-cv-0514.

later challenge by Zurich.

## II. Discussion.

### A.  Failure to Join an Indispensable Party.

Rule 19 of the Federal Rules of Civil Procedure states

(a) Persons to be Joined if Feasible. A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest. If the person has not been so joined, the court shall order that the person be made a party. If the person should join as a plaintiff but refuses to do so, the person may be made a defendant, or, in a proper case, an involuntary plaintiff. If the joined party objects to venue and joinder of that party would render the venue of the action improper, that party shall be dismissed from the action.

Fed. R. Civ. P. 19(a).

Rule 19(a) determines whether a person or entity is "necessary" to an action and whether that party can be feasibly joined.  Feasibility of joinder hinges on whether the Court has jurisdiction over that person or entity.  If a party can be joined in an action, it must be determined if that party is indispensable.  A person or entity is indispensable when his or her presence is so essential for just adjudication that its absence mandates dismissing the cause of action.  Accordingly, before the court can evaluate whether a party is "indispensable" under Rule 19(b), the court must first determine whether a party is "necessary" under Rule 19(a).  *Temple v. Sythes Corp*, 498 U.S. 5 (1990).

Rule 19(a) outlines a two-part framework to determine whether a person or entity is a necessary party that can be feasibly joined.  First, under Rule 19(a)(1), the court must ask whether "in the person's absence complete relief cannot be accorded among those already parties."  If the Court concludes that complete relief cannot be granted to the existing parties unless another person or entity is joined as a party, then the court will join that person or entity as a necessary party under the Rule.  Alternatively, the court can evaluate the claim under Rule 19(a)(2), inherently a two-step analysis, to determine whether the outside person or entity:

> claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest, or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.

 Under Rule 19(a)(2), the court must first determine whether the outside person or entity has an interest in the subject of the cause of action and, if so, whether that person or entity is legally situated in the cause of action.  If the court concludes that the absence of an outside person or entity that claims an interest and is legally situated to the subject of the action may either (i) impair or impede that person's or entity's ability to protect that interest; or (ii) subject the present parties to multiple and inconsistent legal obligations, then the court will join that outside person or entity.  Fed. R. Civ. P. 19(a)(2).

Only after completing the Rule 19(a) analysis and determining whether joining Diamond is necessary and feasible can the court evaluate whether Diamond is indispensable under Rule 19(b).

In the instant case, Rule 19(a)(1) requires the Court to determine whether either Safelite or Zurich will be denied complete relief if Diamond is not joined as party to *Safelite v. Zurich*.  Because the instant case involves Zurich's duty to defend and not issues related to a duty to indemnify Safelite, Diamond's absence from the instant case will not deny complete relief to either Safelite or Zurich.

Safelite asserts Zurich has failed to uphold financial obligations to compensate Safelite's attorneys charged with defending Safelite against Diamond.  Pl.'s Mem. in Opp. to Def. Mot. to Dismiss at 1. The purpose of Safelite's suit against Zurich does not relate to whether Zurich has an obligation to indemnify Safelite in any judgment awarded to Diamond.  *Id*.  Instead, the purpose of Safelite's cause of action is to protect its right to legal representation as an insured party, which is derived from Zurich's duty to defend as an insurer.  *Id*.  Timely payment of legal fees is an obligation inherent in the duty to defend.  Calculating such fees requires examination of accumulated legal bills.  While Zurich asserts contractual language that limits its duty to defend (Def's Reply to Pl.'s Mem. in Opp. to Def's Mot. to Dismiss at 2), Zurich has yet to file counterclaims and answers attesting to such contractual language.  Furthermore, even if Diamond may have an interest in an action that might affect its ability to collect potential damages, it has no interest in whether Safelite's lawyers are being adequately compensated. Safelite seeks relief to pay its attorneys fees, not potential indemnification.  The tenuous relationship between Diamond and *Safelite v. Zurich* does not inhibit either Safelite or Zurich from receiving complete relief in the instant case.  The Magistrate Judge, therefore, holds that neither Safelite nor Zurich will be denied complete relief if Diamond is not joined as a necessary party under Rule

19(a)(1).

Having concluded that Diamond is not a necessary party under Rule 19(a)(1), I now turn to an alalysis under Rule 19(a)(2).  The Court must first determine under Rule 19(a)(2)(i) whether Diamond has an interest relating to, and is legally situated in, the subject of *Safelite v. Zurich*.  Furthermore, Rule 19(a)(2)(ii) examines whether Diamond's absence will impair or impede its ability to protect that interest or whether Diamond's absence will subject Safelite or Zurich to multiple and inconsistent legal obligations.

The Court, under Rule 19(a)(2)(i), will examine the purpose of the cause of action to  determine whether Diamond has an interest in the subject of *Safelite v. Zurich*.  The Court will subsequently determine whether Diamond is legally situated in that subject of the cause of action.

The purpose of *Safelite v. Zurich* is to resolve whether Zurich's duty to defend requires timely payment of Safelite's legal fees in *Diamond Triumph v. Safelite*.  As was determined in the Court's Rule 19(a)(1) analysis, the issue facing the Court is Zurich's duty to defend, not whether Zurich must indemnify Safelite for any judgment in favor of Diamond in *Diamond Triumph v. Safelite*.  Similar to the Court's holding under Rule 19(a)(1), Diamond has no interest in whether Safelite's attorneys are being adequately compensated.  In making this finding, the Court agrees with Safelite that an interest in the subject of the cause of action must be a legal interest, not merely a financial interest. Pl.'s Mem. in Opp. to Def. Mot. to Dismiss at 3.  Because Diamond has no legal interest in the cause of the action, the Magistrate Judge holds that Diamond is not

legally situated in *Safelite v. Zurich*, and furthermore, not a necessary party under Rule 19(a)(2)(i).

While Diamond does not have a legal interest, and is not legally situated in *Safelite v. Zurich*, Rule 19(a)(2)(ii) also requires the Court to evaluate whether Diamond's absence would subject Safelite or Zurich to multiple and inconsistent legal obligations.  The Court examines this part of Rule 19(a)(2)(ii) because Diamond's lack of legal interest and legal situation under Rule 19(a)(2)(i) implies that Diamond will not be impaired or impeded in its ability to protect any interest in *Safelite v. Zurich*.

Defendant's concern that Diamond will relitigate coverage issues incorrectly combines Zurich's duty to defend with its duty to indemnify.  Def's Reply to Pl.'s Mem. in Opp. to Def's Mot. to Dismiss at 2.  The instant case derives from Zurich's duty to defend, not its duty to indemnify.  Zurich's duty to defend requires financial compensation to Safelite's attorneys charged with defending Safelite in *Diamond Triumph v. Safelite*.  These financial arrangements do not implicate Diamond's interest in collecting potential damages from Safelite.  Zurich has pointed to no contractual language that may be construed in this lawsuit in a way that would lead to multiple inconsistent legal obligations because of a contrary construction in a future suit by Diamond against Zurich.

Similarly, Safelite will not be subject to multiple inconsistent legal obligations. The instant case relates only to the relationship between Safelite and its insurer that governs a duty to defend, not a duty to indemnify. The outcome of this case will only affect *Diamond Triumph v. Safelite* in so far as Safelite's legal representation, not the merits of that case.  Therefore, the Magistrate Judge, under Rule 19(a)(2)(ii), that neither Safelite

or Zurich will be subject to multiple inconsistent legal obligations as a result from Diamond's absence in the instant case.

Because Diamond is not a necessary party under Rule 19(a), there is no need to determine under Rule 19(b) whether Diamond is an indispensable party to *Safelite v. Zurich*.

### B.  Change of Venue.

In the alternative to dismissal, Zurich asks that this action be transferred, pursuant to 28 U.S.C. § 1404(a), to the United States District Court for the Middle District of Pennsylvania to facilitate consolidation of this case with the Diamond litigation.  A district court may order a case to be transferred to an alternative venue:

> (a) For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

28 U.S.C. § 1404.  The decision whether to transfer a civil action is in the sound discretion of the trial court.  *Midwest Motor Supply Co. v. Kimball,* 761 F. Supp. 1316, 1318 (S.D. Ohio 1991).  It is the burden of the moving party to prove "why a change of venue should be granted."  *Id.*

Before transfer may be ordered, the court must determine if the potential transferee district is a district where the action might have been brought.  *SKY Tech. Partners, LLC v. Midwest Research Inst.*, 125 F. Supp 2d 286, 291 (S.D. Ohio 2000).  "An action 'might have been brought' in a transferee court if: (1) the court has jurisdiction over the subject matter of the action; (2) venue is proper there; and (3) the defendant is amendable to process issuing out of the transferee court."  *Id.* (punctuation omitted); 28 U.S.C. § 1391.

Once the trial court has determined that there is more than one proper forum, the court may undertake a balancing of factors to determine if transfer is appropriate under § 1404. The trial court should consider both the public and private interests involved. *Gulf Oil v. Gilbert*, 330 U.S. 501, 508-09 (1947). The private interest factors include:

> the relative ease of access to the sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing witnesses; possibility of view of the premises; if view would be appropriate to the action; and all other practical problems that make trial of the case easy, expeditious, and inexpensive.

*Id.* at 508. The public interest factors include: "docket congestion; the burden of trial to a jurisdiction with no relation to the cause of action; the value of holding trial in a community where the public affected live; and the familiarity of the court with controlling law." *Id.* This Court has also identified additional factors: "the nature of the suit, the place of the events involved, and the residences of the parties." *SKY Tech. Partners,* 125 F. Supp 2d at 291.

While transfer under § 1404 is similar to the analysis undertaken by a court when deciding *forum non conveniens* transfers, § 1404 is different in that it requires a "lesser showing of inconvenience." *Id.* (citation omitted).

Safelite argues that Zurich has failed to establish any good reason to transfer this action to the Middle District of Pennsylvania. Zurich is located in Chicago, Illinois; Safelite is located in Columbus, Ohio. The dispute is between these two parties. To Safelite's knowledge, there are no witnesses to this litigation located in Pennsylvania.

Zurich makes the following arguments to support its motion to transfer: the resolution of this action will require calling witnesses to testify about Diamond's

underlying claims against Safelite, and these witnesses are located in Pennsylvania; since Zurich is challenging the reasonableness and necessity of Safelite's legal fees in the Diamond action, witnesses from the Jones Day-Pittsburgh office will be called; statistics show that the Southern District of Ohio's court docket is more congested than the Middle District of Pennsylvania; the underlying events took place in Pennsylvania; a determination of the reasonableness of Jones Day's legal fees will require the court to look at the Pennsylvania Rules of Professional Conduct; and judicial economy would be served by transfer because the Pennsylvania court is familiar with the facts from the Diamond case.

Assuming that the Middle District of Pennsylvania is a district in which this action might have been brought, Zurich has failed to show that the factors weigh in favor of transferring this action.  This action was brought by Safelite to have Zurich pay its defense costs according to the terms of its insurance contracts.  Zurich has failed to show how the underlying factual issues in the Diamond case are relevant to a resolution of this case.  While it is likely that witnesses from Pennsylvania will be called to testify regarding the costs of Safelite's defense and the reasonableness of those fees, neither party has submitted a proposed witness list or identified who the probable witnesses will be including those located in Illinois, Ohio, or Pennsylvania.  Further, any burden placed on the parties by calling witnesses who reside in Pennsylvania is counterbalanced by the likelihood that witnesses that reside in Ohio will be called to testify.  Presumably the Jones Day attorneys in Pittsburgh are under Safelite's control and would be available for trial in the Southern District of Ohio.

Zurich has also submitted case management statistics for the Southern District

of Ohio and the Middle District of Pennsylvania for the 2004 year; it compares the number of filings, the medium time for trial, among other statistics. It states that there was one more case filed in the Ohio court versus the Pennsylvania court. While the Ohio court has terminated more cases, according to the statistics submitted by Zurich, the Southern District of Ohio has over 1,000 more cases pending than the Middle District of Pennsylvania. The statistics also state that the average time from filing to disposition is 7.1 months in the Middle District of Pennsylvania versus 12.1 months in the Southern District of Ohio. The variances in these two courts' docket statistics are not so strong as to cause this Court to favor the Middle District of Pennsylvania over the Southern District of Ohio. Other than the number of cases pending, the statistics appear to be very comparable. Zurich has failed to establish that these factors weigh in favor of transferring this action.

### III. Conclusion.

The Magistrate Judge **RECOMMENDS** that Defendant Zurich American Insurance Company's May 16, 2005 motion to dismiss for failure to join indispensable parties or in the alternative motion to transfer venue (doc. 17) be **DENIED**.

If any party objects to this Report and Recommendation, that party may, within ten (10) days, file and serve on all parties a motion for reconsideration by the Court, specifically designating this Report and Recommendation, and the part thereof in question, as well as the basis for objection thereto. *See* 28 U.S.C. §636(b)(1)(B); Fed. R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the Report and

Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court.  See *Thomas v. Arn*, 474 U.S. 140, 150-152 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *See also Small v. Secretary of Health and Human Services*, 892 F.2d 15, 16 (2d Cir. 1989).

    /s/ Mark R. Abel
United States Magistrate Judge