IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

SAFELITE GROUP, INC., fka          :
Safelite Glass Corporation, a
Delaware Corporation,              :     Case No. 2:04-cv-962

           Plaintiff,               :     Judge Sargus

   v.                                     Magistrate Judge Abel

ZURICH AMERICAN INSURANCE          :
COMPANY, a New York
Corporation,                       :

        Defendant.

## ORDER

This matter is before the Court on defendant Zurich American Insurance Co.'s

("Zurich") January 6, 2006 objections to the Magistrate Judge's December 14, 2005

Report and Recommendation which recommended the denial of Zurich's motion to

dismiss for failure to join indispensable parties or in the alternative to transfer venue

(doc. 29).  Safelite Glass Corporation ("Safelite") brings this declaratory judgment action

seeking a declaration that Zurich must pay its defense costs in an underlying lawsuit

and that the legal fees it has incurred in defending that action are reasonable.

The underlying suit was brought against Safelite by one of its competitors,

Diamond Triumph ("Diamond"), alleging that Safelite was stealing its customers in

violation of an agreement between the parties.  Safelite maintains that Zurich is

required to pay for its defense in the *Diamond* lawsuit.  Zurich filed the present motion

to dismiss arguing that Safelite failed to join an indispensable party, Diamond Triumph.

1

In the alternative, Zurich asks this Court to transfer this action to the Middle District of Pennsylvania where the *Diamond* litigation is pending.

The Magistrate Judge recommended denying Zurich's motion because this action is about three insurance policies between Zurich and Safelite and whether, pursuant to those agreements, Zurich must pay Safelite's defense costs in the *Diamond* litigation. He reasoned that Diamond was not a necessary party under Rule 19(a), Fed. R. Civ. P., because this action does not implicate or affect the merits of the *Diamond* litigation or any issues of indemnification: the issue is whether Zurich must pay Safelite's attorney's fees and costs in defending the action.

## I. Background.

On March 29, 2002, in the United States District Court for the Middle District of Pennsylvania, Diamond, Safelite's largest competitor, filed a lawsuit against Safelite alleging that Safelite violated an agreement with Diamond by engaging in practices to divert Diamond customers to Safelite and alleging that Safelite has pirated jobs from Diamond.[1]  Compl. ¶ 22.  On May 14, 2002, Safelite requested that Zurich pay its defense costs in the *Diamond* litigation in accordance with three general liability insurance policies Zurich issued to Safelite.  In October 2002, Zurich, while reserving rights to challenge whether it actually had an obligation to do so, agreed to participate in Safelite's defense in the *Diamond* litigation with JonesDay acting as Safelite's counsel. Zurich has paid some but not all of Safelite's defense costs.

Safelite filed this action on October 5, 2004 alleging that Zurich is obligated to

---

[1]  The *Diamond* litigation is captioned as *Diamond Triumph Auto Glass, Inc. v. Safelite Glass Corporation,* No. 3:02-cv-0514.

pay Safelite's full defense costs according to the three commercial general liability policies that Zurich issued. As relief, Safelite seeks a declaratory judgment that Zurich has an unconditional duty to defend the *Diamond* litigation. It pleads a breach of contract claim alleging that Zurich has only partially paid Safelite's defense costs and has unreasonably delayed in making defense costs payments. Safelite also pleads that Zurich's alleged mishandling of its defense obligations, including making late payments, is a breach of its duty of good faith and fair dealing. It seeks declarations that Safelite's defense bills in the *Diamond* litigation are reasonable and that Zurich must pay the full cost of Safelite's defense in the *Diamond* litigation, with the defense cost subject to a later challenge by Zurich.

## II. The Parties' Arguments.

Zurich argues that Diamond Triumph is an indispensable party because whether Zurich has to pay any judgment rendered in favor of Diamond against Safelite is the same issue as whether Zurich has to pay Safelite's defense costs. Therefore, Zurich cannot be afforded complete relief without joining Diamond. It maintains that it could be subject to inconsistent obligations because Zurich could prevail on Safelite's claims of defense and indemnity coverage but later Diamond could collect a judgment from Zurich under Safelite's policies. Zurich further claims that it is going to file a mandatory counterclaim against Safelite, which will require the Court to decide if Zurich is obligated to indemnify Safelite for any judgment rendered against it in the *Diamond* litigation.

Zurich also argues that this case must be transferred to the Middle District of Pennsylvania pursuant to 28 U.S.C. § 1404. Zurich argues the public and private

3

interest factors weigh in favor of transfer: the underlying events occurred in
Pennsylvania, a reasonable fee determination will require analysis and application of
the Pennsylvania Rules of Professional Conduct, and the Pennsylvania court is already
familiar with the underlying action, which makes suit there more economical.

Safelite responds by contending that this suit is about Zurich's duty to defend
Safelite in a lawsuit brought against it by Diamond and not about Zurich's duty to
indemnify it.  Therefore, Diamond is neither a necessary nor an indispensable party in
this action.  Safelite responds to Zurich's contention, that it will raise mandatory
indemnification counterclaims against Safelite, by arguing that the filing of any potential
counterclaims is too speculative.  First, there may be no judgment or settlement
rendered against Safelite in the *Diamond* litigation.  Second, Zurich's contention that it
will raise a counterclaim is speculative in itself.   Moreover, Safelite filed this lawsuit
seeking a declaration of Zurich's duty to defend Safelite, not Zurich's duty to indemnify
Safelite.

## III. Discussion.

### A. Is Diamond Triumph an Indispensable Party?

Rule 19, Fed. R. Civ. P., states that necessary parties to an action must be
joined if feasible.  If the party is necessary but joinder is not feasible, then the court
must determine if the party is indispensable.  A party is indispensable if his or her
presence is so essential for just adjudication that his or her absence mandates
dismissing the cause of action.  Rule 19(a) is used to determine if a party is necessary:

> (a) Persons to be Joined if Feasible. A person who is subject to service of
> process and whose joinder will not deprive the court of jurisdiction over

4

the subject matter of the action shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest. If the person has not been so joined, the court shall order that the person be made a party. If the person should join as a plaintiff but refuses to do so, the person may be made a defendant, or, in a proper case, an involuntary plaintiff. If the joined party objects to venue and joinder of that party would render the venue of the action improper, that party shall be dismissed from the action.

Fed. R. Civ. P. 19(a). If a party is necessary then the court must undertake an analysis to determine if joinder is feasible. The feasibility of joinder hinges on whether the court has jurisdiction over the person or entity. If the party can not be joined in the action, the court must determine if the party is an indispensable party to the litigation pursuant to Rule 19(b), Fed. R. Civ. P.

The Magistrate Judge determined that Diamond was not a necessary party to this action. Consequently, he did not need to determine whether joinder was feasible or if Diamond was an indispensable party.

Zurich relies on the case *Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Mass. Mun. Elec. Co.*, 117 F.R.D. 321 (D. Mass. 1987), to support its position that complete relief cannot be awarded to Zurich without joining Diamond as a party. The case involved a declaratory judgment action in which the plaintiff was seeking to have an insurance contract declared null and void. Two companies that had lawsuits pending against the defendant in other courts were already parties to the litigation. One of these parties, Hull Municipal Lighting, sought release from the action pursuant to Fed. R. Civ.

5

P. 21. *Id.* at 322. The court concluded that Hall Municipal Lighting had not been improperly joined. *Id.* It reasoned that if these two companies were not parties to the action there was a risk of inconsistent obligations because the companies might try to submit a claim under the disputed policy. *Id.* It would therefore be inconsistent for the court to release one of the plaintiffs from the pending action and declare the policy void only to have the released plaintiff collect on the void policy in another action.

In this case, Zurich contends that Diamond must be joined as a party to the litigation. Importantly, Safelite is seeking only a declaration with regard to Zurich's duty, if any, to pay defense costs in the *Diamond Litigation*. What Zurich's duty is or may be if judgment is rendered against Safelite in the *Diamond Litigation* is a separate matter not at issue in this case. Zurich has not provided any support, such as contractual language or otherwise, that would lead this Court to conclude that indemnification and Zurich's duty to defend are the same issue or that resolution of both issues depends on the construction of the same contract language.

Zurich argues that the case *The Travelers Indemnity Co. v. Damman & Co., Inc.*, 2005 WL 3406374 (D.N.J. Dec. 12, 2005) (slip copy), supports its position. In that case, the court was asked to decide whether an actual controversy existed as a jurisdictional prerequisite necessary for the court to hear the declaratory judgment action. The suit was filed by Travelers, the insurance provider, against Dammann & Co. the insured. Travelers sought leave to make the party harmed by Dammann's conduct, International Flavors & Fragrances, Inc. ("IFF"), a party to the action. IFF argued that a controversy did not exist between IFF and Travelers. The court decided a

6

controversy did exist. *Id.* at 4. In its discussion, the court stated that "[e]ven if there was not a controversy between Travelers and IFF, Travelers would be entitled to implead IFF in an action against Dammann because IFF is a necessary party under Fed. R. Civ. P. 19(a)." *Id.* at 3.

> [I]njured parties are necessary in declaratory judgment actions where questions of liability insurance coverage are litigated. *See e.g.,* [*Maryland Cas. Co. v.*] *Pacific Coal*, 312 U.S. [270], 274 [1941]) (reasoning that it is necessary to bind the injured party to the judgment rendered in the declaratory judgment action to prevent inconsistent rulings) . . .

This case is not about whether Zurich must provide coverage for damages caused by Safelite, as was the case in *Travelers.* This case is about whether Zurich must pay Safelite's defense costs in an action. Whether Zurich is ultimately responsible for any potential judgment rendered against Safelite is a separate issue not before this Court.

Safelite filed this action seeking a declaration that Zurich has a duty to defend it and pay its defense costs in the *Diamond* litigation. *See* Compl. Safelite does not seek a declaration that Zurich has a duty to indemnify it. Diamond is not a necessary party under Rule 19(a), Fed. R. Civ. P.

**B. Venue.**

A district court may order a case to be transferred to an alternative venue:

> (a) For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

28 U.S.C. § 1404. The decision whether to transfer a civil action is in the sound discretion of the trial court. *Midwest Motor Supply Co. v. Kimball,* 761 F. Supp. 1316,

7

1318 (S.D. Ohio 1991).  It is the burden of the moving party to prove "why a change of venue should be granted."  *Id.*

Before transfer may be ordered, the court must determine if the potential transferee district is a district where the action might have been brought.  *SKY Tech. Partners, LLC v. Midwest Research Inst.*, 125 F. Supp 2d 286, 291 (S.D. Ohio 2000).  "An action 'might have been brought' in a transferee court if: (1) the court has jurisdiction over the subject matter of the action; (2) venue is proper there; and (3) the defendant is amendable to process issuing out of the transferee court."  *Id.* (punctuation omitted); 28 U.S.C. § 1391.

Once the trial court has determined that there is more than one proper forum, the court may undertake a balancing of factors to determine if transfer is appropriate under § 1404.  The trial court should consider both the public and private interests involved.  *Gulf Oil v. Gilbert*, 330 U.S. 501, 508-09 (1947).  The private interest factors include:

> the relative ease of access to the sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing witnesses; possibility of view of the premises; if view would be appropriate to the action; and all other practical problems that make trial of the case easy, expeditious, and inexpensive.

*Id.* at 508.  The public interest factors include: "docket congestion; the burden of trial to a jurisdiction with no relation to the cause of action; the value of holding trial in a community where the public affected live; and the familiarity of the court with controlling law."  *Id.*  This Court has also identified additional factors: "the nature of the suit, the place of the events involved, and the residences of the parties."  *SKY Tech. Partners,* 125 F. Supp 2d at 291.

8

While transfer under § 1404 is similar to the analysis undertaken by a court when deciding *forum non conveniens* transfers, § 1404 is different in that it requires a "lesser showing of inconvenience." *Id.* (citation omitted).

The Magistrate Judge recommended denying Zurich's motion to transfer reasoning that Zurich failed to meet its burden. Zurich argues that when balancing all the factors, this action must be transferred to the United States District Court for the Middle District of Pennsylvania. The majority of the witnesses are located in Pennsylvania, the reasonableness of Safelite's attorney's fees will require analysis and application of the Pennsylvania Rules of Professional Conduct, judicial economy will be served because the Pennsylvania court is already familiar with the underlying litigation, and the events underlying this action took place in Pennsylvania.

In support, Zurich cites the unpublished decision *Indiana Ins. Co. v. Midwest Maintenance*, 2000 WL 987829 (S.D. Ohio Jan. 7, 2000). The court stated that declaratory judgment actions against insurers "'should normally be filed, if at all, in the court that has jurisdiction over the litigation which gives rise to the indemnity problem.'" *Id.* at 4 (quoting *Aetna Cas. & Surety Co. v. Sunshine Corp.*, 74 F.3d 685, 687 (6th Cir. 1996)). This case, however, does not involve an action for indemnity.

Neither party has submitted proposed witness lists. Rather the pleadings allege that witnesses will be called from Ohio, Pennsylvania, and Illinois. Any burden imposed on witnesses required to travel from Pennsylvania to Ohio is counterbalanced by the inconvenience that would be imposed on witnesses from Ohio and Illinois who would be required to travel to Pennsylvania if transfer were permitted. Although the

Pennsylvania court is more familiar with the *Diamond Triumph* litigation, Zurich has not demonstrated that the underlying factual issues are relevant to a decision regarding whether or not Zurich is obligated to pay Safelite's defense costs or that familiarity with the underlying factual issues are significant enough as to weigh in favor of transfer. Rather, the relevant inquiry will be the terms of the three general liability contracts between Safelite and Zurich.

While this Court may need to look to the Pennsylvania Code of Professional Conduct to determine if the fee charged by JonesDay was reasonable, this factor does not weigh so heavily in Zurich's favor as to warrant transfer. *See Nemmers v. Truesdale,* 612 F.Supp. 245, 246 (N.D. Ohio,1985) (stating "[w]hile a district court in the Central District of Florida will have more experience applying Florida law, if that is the law which governs, [an Ohio court] does not regard this experience to be sufficiently significant to merit transfer."). *Cf. Jamhour v. Scottsdale Ins. Co.,* 211 F. Supp. 2d 941, 948 (S.D. Ohio 2002) (stating that generally in diversity cases the court most familiar with the controlling law should be the chosen forum.). This Court is frequently asked to determine if attorney's fees are reasonable. The factors do not weigh so heavily in favor of Zurich as to warrant transfer under 28 U.S.C. § 1404.

**IV. Conclusion.**

Upon *de novo* review in accordance with the provisions of 28 U.S.C. §636(b)(1)(B), the Court **ADOPTS** the Magistrate Judge's December 14, 2005 Report

and Recommendation (doc. 26).  Defendant Zurich American Insurance Company's

May 16, 2005 motion to dismiss for failure to join indispensable parties or in the

alternative to transfer venue (doc. 17) is **DENIED.**

3-23-2006

Edmund A. Sargus, Judge
United States District Court

11