**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| Diamond Triumph Auto Glass, Inc.,<br>Plaintiff,<br><br>vs.<br><br>Safelite Glass Corporation,<br>Defendant | File No.: 3:CV-02-0514<br>(James M. Munley, U.S.D.J.) |

# REBUTTAL EXPERT REPORT OF
# PHILLIP A. BEUTEL

September 30, 2005

20. Safelite has in place strict controls to ensure that its CSRs follow the approved scripts.[48] New CSRs receive training, during which they "learn auto glass industry terminology, script adherence, computer systems, telephone procedures, and how to select auto glass parts and process insurance glass claims."[49] At the end of this training course, CSRs are given a final exam and must score at least 90 percent to work in the call center. Safelite monitors its CSRs about three times per week and has a quality assurance department that reviews calls. In addition, Safelite's insurance company clients can obtain "on line" access to customer feedback, customer satisfaction reports, speed of service reports and claim information, among other things, and can listen-in on calls to ensure those calls progress in the appropriate manner.[50] CSRs that fail to adhere to scripts and/or to obtain call quality scores above certain thresholds are subject to disciplinary action.[51]

21. In sum, by acting as the economic proxy for an insurance company, Safelite (as a TPA) follows call scripts to ensure that insureds' claims are handled efficiently, and in a way that serves the insurance company clients' interests. Those interests include: (1) reducing claims administration costs; (2) ensuring that glass replacements are not unnecessarily provided; (3) controlling claims payout costs; (4) maintaining or improving insured satisfaction with their insurance carriers; and (5) reducing premiums charged for glass coverage.

### C. Honoring Policyholder Preference

22. As I explained above, the scripts used by Safelite CSRs require that the insured be asked if there is a shop that he or she prefers for glass work. For some insurers, merely mentioning a shop (*e.g.*, "I've heard of Globe" or "My agent mentioned Speedy") may be sufficient to indicate preference.[52] For other insurers, mere "awareness" may not be sufficient; instead, a concrete expression of preference is required. Likewise, for some approved scripts,

---

[48] See, *e.g.*, 1SGC0000946 (Easter-Child 127); SAFE00E000353 (Easter-Child 130).

[49] See, *e.g.*, SAFE00E000043 [D]-51; SAFEM00JEC002095-113.

[50] Easter-Child Deposition, pp. 53-56, 58; SAFE00E000050; SAFE00E001683-88; SAFEM00CHC000997-1005; O'Mara Affidavit, ¶21; Horner Affidavit, ¶8.

[51] See, *e.g.*, SAFEM00CAB000723 [C] -24; SAFEM00GAB000032 [C] - 33.